Mr. Chief Justice Marshall,
delivered the opinion of the Court.
In this case, the petition of the plaintiffs, whioh, according to the practice of the State df Georgia, is substituted for a declaration, is founded on promissory notes, payable to a person named in the note,or bearerf and states, that the notes were *905 “ duly transferred, assigned and delivered”-to the. plaintiffs, “ who thereby became the lawful bearer thereof, and entitled to payment of the sums therein specified; and that the defendants, in eonside-ration of their, liability, assumed,” &c. '
The Planters’ Bank pleads to the jurisdiction of the Court, and alleges, that it is a corporation, of which the State of Georgia, and certain individuals, who are citizens of the same State with some of the plaintiffs, are members. The plea also alleges, that the persons to whom the notes mentioned in the petition were made payable, were citizens of the State of Georgia,, and, therefore, incapable Of suing the said Bank in a Circuit Court of the United States ; and being so incapable, could not, by transferring the notes to the plaintiffs, enable them to sue in that Court.
To this plea the plaintiffs demurred, and the defendants joined in demurrer.
On'the argument of the demurrer, the Judges were dividéd on two questions:
1. Whether the averments in the declaration be sufficient in law" to give this Court jurisdiction of the cause ?
2. Whether, on the pleadings in the same,¿the plaintiffs be entitled to judgment?
The first question was fully considered by the Court in the case of Osborne v. The Bank of the United States, and it is unnecessary to repeat the reasoning used in that case. We are of opinion, that the averments in the declaration are sufficient to give the Court jurisdiction of the cause.
*906 "2d. The second point is understood to involve two questions: *
1. Does the circumstance that the otate is a corporator, bring this cause within the clause in the constitution which gives jurisdiction to the. Supreme Court where a State is a party, or bring it within the 11th amendment?
2. Does the fact that the note is made payable to a citizen of the State of Georgia, or bearer, ©ust the jurisdiction of the.Court?
J. Is the State of Georgia a party defendant in this case ? If it is, then the suit, had thé 11th amendment never been adopted, must have been brought in the Supreme Court of the United States. Could this Court have entertained jurisdiction in the case ?
We think it could not. To have given the Supreme Court original jurisdiction, the State must be plaintiff or defendant as a State, i nd must, as a State, be a party on the record; A suit against the Planters’ Bank of Georgia, is no more a suit against the State of Georgia, than against, any other individual corporator. The State is not a party, that is, an entire party, in, the cause.
If this suit could not have been, brought originally in the Supreme Court, it would be difficult tp show, that it is within the 11 th amendment. That amendment does not purport to do more than.to restrain the construction which might otherwise be given to the constitution;■ and if this case be not oqe óf which the Supreme Court could have taken -original jurisdiction, it is not within the amend- *907 meat. This is not, we think, a case in which the character of the defendant gives jurisdiction to the Court, if it did, the suit could be instituted only in the Supreme Court. This suit is not tó feb sustained because the Planters’ Bank is suable in the federal Courts, but because the plaintiff has a right to sue any defendant in that Court, who is not withdrawn from its jurisdiction by the constitution, or by law. The suit is against a corporation, and the judgment is to be satisfied by the property of the corporation, not by that of the individual corporators. The State does not, by becoming a corporator, identify itself with the corporation. The Planters’ Bank of Georgia is not the State of Georgia, although the State holds an interest in it.
It is, we think,.a sound principle, that when a government becomes a partner in any1 trading company, it devests itself, so far as concerns the transactions of that company, of its sovereign character, and takes that of a private citizen. Instead of communicating to the company its privileges and its prerogatives, it descends to a level with, those with whom it associates itself, and takes the character which belongs to its associates, and to the business which is to be transacted. Thus, many States of this Union who have an interest in Banks, are not suable even in their own Courts; yet they never exempt the corporation from being sued/ The State of Georgia, by giving to the Bank the capacity to sue and be sued, voluntarily strips itself of its sovereign character, so far as respects the transactions of the Bank, and waives all *908 the privileges of that character. Asa member of a corporation, a government never exercises its sovereignty. It acts merely as a corporator; and exercises no other power in the management of the affairs of the corporation, than are expressly given by the incorporating^act.
The government of the Union held shares in the old Bank of the United ¡States ; but the privileges of the government were not imparted by that circumstance to the Bank. The United States was not a party to suits brought by or against the Bank in the sense of the constitution. So with respect to the present Bank. Suits brought by or against it arp not understood to be brought by or against the United States. The government, by becoming a corporator, lays down its sovereignty#, so far as respects the transactions of the corporation, and exercises no power or privilege which is not derived from the charter.
We think, then, that the Planters’ Bank of Georgia is not exempted from being sued in the federal Courts, by the circumstance that the State, is a corporator.
2. We proceed next to inquire, whether the jurisdiction of the Court is ousted by the circumstance, that the notes on which the suit was instituted, were made payable to citizens of the State of Georgia;
Without examining whether, in this case, the original promise is not to the bearer, the Court will proceed to the more general question, whether the Bank, as endorsee, may maintain a suit against the maker of a note payable to a citizen of *909 the State. The words of the Judiciary Act, seer tion 11. aré, “nor shall any District or Circuit Court have cognizance of any suit, to recover the contents of any promissory note, or, other chose in action, in favour of aH assignee, unless a suit might have been prosecuted in ‘such Court to recover the said contents., if no assignment had been made, except in cases of foreign bills , of exchange.”
This is a limitation on the jurisdiction conferred by the Judicary Act. It was apprehended that bonds and notes, given in the usual course of business* by citizens of the same State, to each other, might be assigned to the citizens of another State, and thus render the maker liable to a suit in the federal Courts. To remove this inconvenience, the act which gives jurisdiction to the Courts of the Union over suits brought by the citizen, of one State against the citizen of another, restrains that jurisdiction, where the suit is brought by an as-signee to cases where the suit might have been sustained, had no assignment been made. But the Bank does not sue in virtue of any right conferred by the Judiciary Act, but in virtue of the right conferred by its charter. It does not sue because the defendant is a citizen of a different State from any of its members, but because its charter confers upon it the right of suing its debtors in a Circuit Court of the United States.
If the Bank could not sue a person' who was a citizen of the same State with any one of its members, in the Circuit Court, this disability would defeat the power. There is, probably, not a commercial State in the Union, some of whose citizens *910 are not members of the Bank of the United States. There is, consequently* scarcely a debt due to the Bank, for which a suit could be maintained in a federal Court, did the jurisdiction of the Court depend on citizenship. A general power to sue in any Circuit Court of the United States, expressed in terms obviously intended to comprehend every case, would thus be construed to comprehend no case. Such a construction cannot be the correct one.
We think, then, that the charter gives to the Bank a right to sue in'the Circuit Courts of the United States, without regard to citizenship ; and that the certificate on both questions must be in favour of the plaintiff.
Mr. Justice Johnson.
This cause is one in which; from the great importance of the questions it gave rise to, was certified to this Court, on a pro forma difference of opinion, that if might undergo the fullest investigation, and give time for the maturest reflection.
The .first of the points certified, involved the question of jurisdiction ; for my opinion on which, I must refer to the case of Osborn et al. v. The Bank of the United States, argued in conjunction with this, and decided this term.
That opinion is final on the judgment which 1 must gi ve in the cause ; but there were other questions, which, although not touched upon in the argument here, were very ably argued in the Court below, and on which, having formed fin opinion, I will make some remarks.
*911 The oase of The Bank v. Deveaux, having.decided that this Court will look into the individual characters of the corporators plaintiffs, in order to give jurisdiction, where it depends on circumstances of the person, it was contended in the Court below, that this Court was bound, in justice, tó look'behind the charter of the Bank defendant, in order to determine the individual characters of. the corporators defendants also. And the pleas were só drafted, as to exhibit, to the Court two grounds on which to decide against the jurisdiction of the Circuit Court, as depending on individual character. Thé pne was, that a citizen of one State was sui'n£ a citizen of the same State.; the other, that the State of Georgia was a defendant, being a member of the corporation defendant, and was exempt from suit under thfe 11th amendment. And on both these grounds,! see not how I can refuse my assent to the doctrine of thé pleas. The case of Deveaux forms, I presume,- one of the canons of this Court. On no other ground can that decision be law,, but that the individual corporators were the real parties plaintiffs. The same principle, when applied to the corporation defendant, will make the individual corporators here the real defendants to the suit. If, then, the real plaintiffs and the real defendants are. so related in personal character, as to preclude this Court from taking jurisdiction, ! see no ground on which we can sustain the demurrer, unless we reverse, the decision in Deveaux’s casé.
So, also, with regard to the State of Georgia. An original suit against that State for the recovery *912 of a debt, could not be maintained. Yet, if an original suit against a corporation, be an original suit against each corporator, I see not wherein the case differs from that of a. direct suit against the State. Suppose the case of a joint bond, given by a State and individuals, to an individual contractor, citizen of another State, what would except a suit on such a bond from the operation of the 11th amendment of the constitution P If it be said that the amendment alluded to has regard only to suits instituted against States in their sovereign capacity, I would ask, in what other capacity can a State appear, or even exist ? In every possible form and shape, it is a sovereign State, or it is nothing. And this very stock, held in this Bank, is the property of the people of Georgia, held by them in the name . and capacity of. the State of Georgia. If any dispute were to arise On the title to the stock, in what capacity could they sue or be sued for the interest held by them in the stock, unless-in their sovereign capacity ? It is not because it imparts its own immunities to the other stockholders, that, this action cannot be maintained, but because that the judicial power must reach each and every defepdant, in order to bring a case within the prescribed limits of the constitution. Each defendant occupies his own ’peculiar rank, claims his own peculiar immunities ; but they are not suable in the Courts of the United. States, as long as any one of them is exempted from suit in those Cojirts.
I am here expressing a technical opinion^ founded on the authority of the case of The Bank v. *913 Deveaux. That decision brings it strictly within the letter of the 11th hm end ment; although I am ready to admit, that, unaffected by that decision, it is not .within its purview. Although not responsible for that decision, I acknowledge its obligation, until overruled.
The last question which the pleadings in this cause present, arises out of the nature of the contract, the form of the declaration, and that provision of the Judiciary Act, which precludes , suits by an assignee of choses in action, when the suit could not be brought in the Courts of the United States, as between the original parties.
The plaintiff counts upon a number of promissory notes,, payable to A.' B. or bearer, commonly called bank notes, delivered to A. B., and by him "transferred, assigned, and sd;over” to the plaintiffs in this action. The plea states, that, as between the original promisor and promisee, suit could not,have been brought in the Circuit Courts of the United States : and, therefore, it cannot, as between the present parties, the promisor and as-signee, As all the facts are admitted by the demurrer, it is difficult to see on what ground this case is to be excepted from the operation of the provisions of the Judiciary Act on this subject. Whatever difficulties may be suggested, on the technical meaning of the term assignment, it is very clear that he who acquires a chose in action, by mere delivery, has been recognised in the laws of the United States as an assignee. If any considerations could be introduced into the case, besides what the pleadings bring" out,’ there might be *914 macis reason to doubt,, whether the case of Bank bills, properly so called, and particularly so declared on, came within the general law applicable to promissory notes; but here, non constat, that the notes declared' upon were ever thrown into circulation, as the representative of property, as a currency, a substitute for gold and silver.
But the case does not rest here. This ground of defence depends not on a .constitutional provision, but on. an act of Congress; arid ifit be true, that the unrestricted right to sue on all its contracts, be vested in the Bank of the United States* whatever their origin, or. whatever their amount, • it follows, that such a provision amounts to a repeal of thé law here relied on. I rather think, that the improbability of such a provision being intended by the Legislature, opeiates against the construction that would sustain it. But if such be the legal construction of the incorporating act,there can be no doubt of.its being fatal to.this plea.
Certificate. This cause came on to be heard on the transcript of the record of the Circuit Court of the United States for the district of Georgia, and on the questions in said cause, on which tiie Judges of the said Circuit Court were divided in opinion, and was argued by counsel: On consideration whereof, this Court is of opinion, 1. That the averments in the declaratio'iuin said cause, are sufficient in law to give the said Circuit Court jurisdiction in said cause.
2. That, on the pleadings in the same, the plaintiffs are entitled to judgment.
All which is ordered to be certified to the said Circuit Court.